# EXHIBIT A

IN THE STATE COURT OF GWINNETT COUNTY

STATE OF GEORGIA

22-C-01897-S6
3/31/2022 3:00 P
TIANA P. GARNER, CLER

| | |
|---|---|
| DEBRAKAY MITCHELL as surviving spouse of GLENN STEVENS, and as Administrator of the estate of GLENN STEVENS, deceased<br><br>PLAINTIFF<br><br>VS.<br><br>MORGAN PROPERTIES MANAGEMENT COMPANY, LLC<br><br>c/o Registered Agent, Corporation Service Company<br><br>2 Sun Court, Suite 400, Peachtree Corners, Georgia 30092<br><br>DEFENDANT | CIVIL ACTION NUMBER: 22-C-01897-S6 |

## SUMMONS

TO THE ABOVE NAMED DEFENDANT:

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

R. Scott Campbell, Esq. - Shiver Hamilton Campbell, LLC
3490 Piedmont Road, Suite 640
Atlanta, Georgia 30305

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This _____ day of _____, 20____.

31st day of March, 2022

Tiana P. Garner
Clerk of State Court

By_____
Deputy Clerk

INSTRUCTIONS: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.

SC-1 Rev. 2011

31st day of March, 2022

E-FILED IN OFFICE
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
22-C-01897-S
3/31/2022 3:00 PM
TIANA P. GARNER, CLERK

## General Civil and Domestic Relations Case Filing Information Form

☐ Superior or ☒ State Court of __Gwinnett__ County

| For Clerk Use Only | |
|---|---|
| Date Filed _____ MM-DD-YYYY | Case Number _____ |

**Plaintiff(s)**
Mitchell, Debrakay as surviving spouse of Glenn Stevens
Last           First           Middle I.   Suffix   Prefix
Mitchell, Debrakay as Administrator of the estate of Glenn Stevens
Last           First           Middle I.   Suffix   Prefix

Last           First           Middle I.   Suffix   Prefix

Last           First           Middle I.   Suffix   Prefix

**Defendant(s)**
Morgan Properties Management Company, LLC
Last           First           Middle I.   Suffix   Prefix

Last           First           Middle I.   Suffix   Prefix

Last           First           Middle I.   Suffix   Prefix

Last           First           Middle I.   Suffix   Prefix

Plaintiff's Attorney __R. Scott Campbell__  Bar Number __142384__  Self-Represented ☐

### Check One Case Type in One Box

**General Civil Cases**
- ☐ Automobile Tort
- ☐ Civil Appeal
- ☐ Contract
- ☐ Garnishment
- ☒ General Tort
- ☐ Habeas Corpus
- ☐ Injunction/Mandamus/Other Writ
- ☐ Landlord/Tenant
- ☐ Medical Malpractice Tort
- ☐ Product Liability Tort
- ☐ Real Property
- ☐ Restraining Petition
- ☐ Other General Civil

**Domestic Relations Cases**
- ☐ Adoption
- ☐ Dissolution/Divorce/Separate Maintenance
- ☐ Family Violence Petition
- ☐ Paternity/Legitimation
- ☐ Support – IV-D
- ☐ Support – Private (non-IV-D)
- ☐ Other Domestic Relations

**Post-Judgment – Check One Case Type**
- ☐ Contempt
  - ☐ Non-payment of child support, medical support, or alimony
- ☐ Modification
- ☐ Other/Administrative

☐ Check if the action is related to another action(s) pending or previously pending in this court involving some or all of the same parties, subject matter, or factual issues. If so, provide a case number for each.

_____   _____
Case Number          Case Number

☐ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in O.C.G.A. § 9-11-7.1.

☐ Is an interpreter needed in this case? If so, provide the language(s) required. _____
Language(s) Required

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.
_____

Version 1.1.18

CLERK OF STATE COURT
GWINNETT COUNTY, GEORG
22-C-01897-S
3/31/2022 3:00 P
TIANA P. GARNER, CLER

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

| | |
|---|---|
| DEBRAKAY MITCHELL as surviving spouse of GLENN STEVENS, and as Administrator of the estate of GLENN STEVENS, deceased, | ) ) ) ) |
| Plaintiffs, | ) CIVIL ACTION FILE ) NO. _____ ) ) 22-C-01897-S6 |
| vs. | ) ) |
| MORGAN PROPERTIES MANAGEMENT COMPANY, LLC, | ) ) ) |
| Defendant. | ) |

## COMPLAINT

COME NOW Plaintiffs in the above-styled action and hereby file this Complaint as follows:

1.

On or about March 23, 2022, Glenn Stevens died intestate and is survived by his spouse Debrakay Mitchell.

2.

Debrakay Mitchell, is to be the duly appointed Administrator of the Estate of Glenn Stevens, deceased.

3.

Plaintiffs, individually, and on behalf of the Estate of Glenn Stevens, state their intention and desire to bring each and every permissible, proper, and authorized claim for damages under Georgia law, including general, special, compensatory, consequential, economic, punitive, and other damages as proven by the evidence at trial. In particular, Plaintiffs bring a wrongful death

claim on behalf of the surviving heirs of Glenn Stevens and as the Administrator of the Estate of Glenn Stevens for all claims belonging to the Estate of Glenn Stevens.

4.

Defendant Morgan Properties Management Company, LLC (hereinafter "Defendant") is a foreign limited liability company registered and authorized to and doing business in the State of Georgia.

5.

Defendant may be served by serving its registered agent in Gwinnett County at: 2 Sun Court, Suite 400, Peachtree Corners, Georgia, 30092.

6.

Defendant has been properly served with process in this action.

7.

Defendant is subject to the venue and jurisdiction of this Court.

8.

Jurisdiction and venue are proper in Gwinnett County pursuant to O.C.G.A. §§ 14-2-510 and 14-11-1108 as Defendant's registered agent is in Gwinnett County.

9.

At all times relevant to the allegations contained herein, Defendant occupied, operated, controlled, and managed the Park at Northside Apartments and Townhomes located at 3876 Northside Drive, Macon Georgia, 31210. (hereinafter "the Premises").

10.

On March 23, 2022 Glenn Stevens was present as an invitee on the Premises where he resided.

2

11.

As he was returning to his apartment on the night of March 23, 2022 Mr. Stevens was accosted in the parking lot of the Premises, shot, and killed.

12.

Mr. Stevens was a totally innocent victim and exercised ordinary care and diligence at all times herein and under the circumstances then existing.

13.

At all times mentioned herein, Defendant controlled the management of the Premises, and had the legal duty to keep the Premises in a state consistent with the due regard for the safety of its invitees, including Mr. Stevens.

14.

Defendant breached the duty owed to Mr. Stevens by failing to exercise ordinary care to keep the Premises safe.

15.

Defendant knew of or with the exercise of due care for the safety of its invitees should have known of the dangerous and hazardous conditions existing on the Premises, of the failure to maintain, inspect, secure, patrol, and manage the Premises, and that said conditions were likely to result in injuries and/or death to its invitees, including Mr. Stevens.

16.

Prior to and on March 23, 2022, the Premises was negligently maintained, inspected, secured, patrolled, and managed. Defendant had knowledge, both actual and constructive, of the need to properly maintain, secure, inspect, patrol, and manage the Premises, but failed to exercise ordinary care to do so.

17.

Defendant had actual and constructive knowledge of criminal activity existing on and around the Premises prior to the shooting of Mr. Stevens, including prior violent crimes on the Premises and in the immediate area. Said prior criminal activity was negligently permitted to exist and remain at said premises.

18.

Defendant negligently failed to maintain adequate security devices or measures to permit proper use of the Premises, thereby causing an unreasonable risk of injury and death to its invitees, including Mr. Stevens.

19.

Defendant was negligent in failing to maintain, inspect, secure, patrol, and manage the Premises, thereby creating an unreasonable risk of injury and death to its invitees, including Mr. Stevens.

20.

Defendant negligently failed to warn its invitees, including Mr. Stevens, of the existence of the aforementioned criminal activity and the likelihood of further criminal attacks.

21.

Defendant negligently failed to maintain a policy, procedure, or system of investigating, reporting, and warning of the aforementioned criminal activity.

22.

Defendant negligently represented to its invitees that the Premises was properly maintained and reasonably safe.

23.

Defendant failed to take appropriate action to remedy or reduce the danger to its invitees, including Mr. Stevens, and allowed the dangerous environment on the Premises to continue to exist unabated, thereby creating a nuisance.

24.

Defendant was negligent and said negligence proximately caused the injuries to Plaintiffs in the following ways:

a) Violation of O.C.G.A. § 51-3-1 by failing to use ordinary care to keep the Premises safe;

b) Violation of O.C.G.A. § 44-7-14;

c) In failing to properly inspect, maintain, secure, patrol and manage the Premises;

d) In failing to warn of the latent dangers on the Premises;

e) In failing to implement adequate security measures to prevent or deter crime from occurring at the subject property;

f) In failing to properly train and supervise their employees in regard to the maintenance and safety of the Premises;

g) In failing to establish adequate security policies and/or procedures; and

h) In failing to properly retain, entrust, hire, train, and supervise said employees.

25.

Defendant was and is negligent *per se*.

26.

Each of the foregoing tortious acts and omissions constitute an independent act of

5

negligence on the part of Defendant and one or more or all of the above stated acts and omissions proximately caused the injuries to and death of Mr. Stevens.

27.

Defendant is liable for the injuries to and death of Mr. Stevens.

28.

The injuries to and resulting death of Mr. Stevens were the direct and proximate result of the Defendant's negligence. But for said negligence, Mr. Stevens would not have suffered injuries and died. Defendant is liable for Mr. Stevens' injuries, pain and suffering, the full value of his life pursuant to O.C.G.A. § 51-4-1 et seq., and all other elements of damage allowed under the laws of the State of Georgia.

29.

Defendant is liable to Plaintiffs directly, as well as under theories of *respondeat superior*, joint enterprise, and agency principles.

30.

As a direct and proximate result of Defendant's negligence Mr. Stevens sustained catastrophic injuries, conscious pain and suffering, and ultimately became aware of his impending death.

31.

Plaintiffs state their intention to seek all compensatory, special, economic, consequential, general, punitive, and all other damages permissible under Georgia Law, including, but not limited to:

a) Personal injuries;

b) Pain and suffering;

c) Mental anguish, fright, shock, and terror;

d) Loss of the enjoyment of life;

e) Wrongful death;

f) Damages for all elements of the full value of Glenn Stevens' life, tangible and intangible;

g) Funeral and burial expenses;

h) Incidental expenses;

i) Past, present, and future loss of earnings;

j) Medical expenses; and

k) Consequential damages to be proven at trial.

32.

Plaintiffs are entitled to recover punitive damages from Defendant, because the actions of Defendant and its agents and employees showed willful misconduct, malice, fraud, wantonness, oppression, or an entire want of care which would raise the presumption of conscious indifference to consequences. Accordingly, Plaintiffs are entitled to recover punitive damages from Defendant in an amount to be determined by the enlightened conscience of an impartial jury.

33.

Defendant's actions evidence a species of bad faith. Defendant was and are stubbornly litigious and have caused Plaintiffs undue expense. Thus, Plaintiffs are entitled to recover their necessary expenses of litigation, including an award of reasonable attorneys' fees and expenses required by this action, pursuant to O.C.G.A. § 13-6-11, as well as any other applicable statutory or common law basis.

WHEREFORE, Plaintiffs pray that:

(a) Process be issued as provided by law;

(b) Plaintiffs be awarded actual damages in amounts to be shown at trial from Defendant;

(c) Plaintiffs be awarded the full value of Glenn Stevens' life pursuant to O.C.G.A. § 51-4-1 et seq.

(d) Plaintiffs be awarded all general, special, compensatory, economic, punitive, and other allowable damages in accordance with the enlightened conscience of an impartial jury from Defendant and as permitted under Georgia law;

(e) Plaintiffs have a trial by jury; and

(f) Plaintiffs have such other relief as this Court deems just and proper.

PLAINTIFFS HEREBY DEMAND A TRIAL BY JURY.

**SHIVER HAMILTON CAMPBELL, LLC**

*/s/ R. Scott Campbell*
R. Scott Campbell
Georgia Bar No. 142384
***Attorney for Plaintiffs***

3490 Piedmont Road, Suite 640
Atlanta, Georgia 30305
(404) 593-0020
(888) 501-9536 [Facsimile]
scott@shiverhamilton.com

**MITCHELL E. MCGOUGH LAW, LLC**

*/s/ Mitchell E. McGough*
Mitchell E. McGough, Esq.
Georgia Bar No. 460942
***Attorney for Plaintiffs***

945 East Paces Ferry Road, Suite 2250
Atlanta, GA 30326
P: (404) 994-4357
D: (404) 445-8440
F: (404) 600-1287
Email: mitchell@mitchellmcgoughlaw.com

8

# IN THE STATE COURT OF GWINNETT COUNTY
# STATE OF GEORGIA

| | |
|---|---|
| DEBRAKAY MITCHELL as surviving spouse of GLENN STEVENS, and as Administrator of the estate of GLENN STEVENS, deceased,<br><br>Plaintiffs,<br><br>vs.<br><br>MORGAN PROPERTIES MANAGEMENT COMPANY, LLC<br><br>Defendant. | CIVIL ACTION NO. 22-C-01897-S6 |

**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT MORGAN PROPERTIES MANAGEMENT COMPANY, LLC.**

Defendant Morgan Properties Management Company, LLC (hereinafter "Defendant") files this Answer to Plaintiffs' Complaint ("Complaint"), showing the Court as follows:

**AFFIRMATIVE DEFENSES**

FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted under O.C.G.A. § 9-11-12(b) (6).

SECOND DEFENSE

The sole proximate cause of Plaintiffs' damages, if any, was the negligence of a person or persons or entity for whose acts or omissions Defendant was and is in no way liable.

THIRD DEFENSE

This case should be transferred because venue is improper.

FOURTH DEFENSE

Defendant owed no legal duties to Plaintiffs with respect to Plaintiffs' claims in this case.

## FIFTH DEFENSE

The Complaint should be dismissed because this Court lacks subject matter jurisdiction.

## SIXTH DEFENSE

The Plaintiffs' claims are barred by the doctrines of waiver and release.

## SEVENTH DEFENSE

Defendant responds to the specifically numbered allegations of the Complaint as follows:

## ANSWER

1.

Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 1 of the Complaint; therefore, the same are denied.

2.

Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 2 of the Complaint; therefore, the same are denied.

3.

Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 3 of the Complaint; therefore, the same are denied.

4.

Defendant admits the allegations contained in Paragraph 4 of the Complaint.

5.

Defendant admits the allegations contained in Paragraph 5 of the Complaint.

6.

Defendant admits the allegations contained in Paragraph 6 of the Complaint.

7.

Defendant denies the allegations contained in Paragraph 7 of the Complaint.

8.

Defendant denies the allegations contained in Paragraph 8 of the Complaint.

9.

Defendant denies, as stated, the allegations contained in Paragraph 9 of the Complaint.

10.

Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 10 of the Complaint; therefore, the same are denied.

11.

Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 11 of the Complaint; therefore, the same are denied.

12.

Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 12 of the Complaint; therefore, the same are denied.

13.

Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 13 of the Complaint; therefore, the same are denied.

14.

Defendant denies the allegations contained in Paragraph 14 of the Complaint.

15.

Defendant denies the allegations contained in Paragraph 15 of the Complaint.

16.

Defendant denies the allegations contained in Paragraph 16 of the Complaint.

17.

Defendant denies the allegations contained in Paragraph 17 of the Complaint.

18.

Defendant denies the allegations as stated in Paragraph 18 of the Complaint.

19.

Defendant denies the allegations contained in Paragraph 19 of the Complaint.

20.

Defendant denies the allegations contained in Paragraph 20 of the Complaint.

21.

Defendant denies the allegations contained in Paragraph 21 of the Complaint.

22.

Defendant denies the allegations contained in Paragraph 22 of the Complaint.

23.

Defendant denies the allegations contained in Paragraph 23 of the Complaint.

24.

Defendant denies the allegations contained in Paragraph 24 of the Complaint.

25.

Defendant denies the allegations contained in Paragraph 25 of the Complaint.

26.

Defendant denies the allegations contained in Paragraph 26 of the Complaint.

27.

Defendant denies the allegations contained in Paragraph 27 of the Complaint.

28.

Defendant denies the allegations contained in Paragraph 28 of the Complaint.

29.

Defendant denies the allegations contained in Paragraph 29 of the Complaint.

30.

Defendant denies the allegations contained in Paragraph 30 of the Complaint.

31.

Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 31 of the Complaint; therefore, the same are denied.

32.

Defendant denies the allegations contained in Paragraph 32 of the Complaint.

33.

Defendant denies the allegations contained in Paragraph 33 of the Complaint.

Defendant denies any allegations in the Complaint which were not specifically denied herein.

WHEREFORE, having fully responded to Plaintiff's Complaint, Defendant respectfully prays for the following relief from this Honorable Court:

1) that Plaintiffs' claims against it be dismissed;

2) judgment be entered in favor of Defendant;

3) a trial by a jury of twelve (12);

4) that all costs and fees associated with this action be taxed against Plaintiffs; and

5) for such other and further relief as this Court deems just and proper.

This 27th day of April, 2022.

**WILSON, ELSER, MOSKOWITZ, EDELMAN AND DICKER, LLP**

*/s/ Michael P. Manfredi*
Michael P. Manfredi
Georgia Bar No. 784682
Margaret E. Twomey
Georgia Bar No. 768751
*Attorneys for Defendant*

3348 Peachtree Road N.E., Suite 1400
Atlanta, Georgia 30326
Phone: (470) 419-6650
Fax: (470) 419-6651
michael.manfredi@wilsonelser.com
meg.twomey@wilsonelser.com

**CERTIFICATE OF E-SERVICE**

Pursuant to O.C.G.A. § 9-11-5 and Uniform State Court Rule 36.16, I certify that I have on this date electronically served the foregoing on all parties of record by filing the same with the Clerk of Court via the Odyssey eFileGA filing system as follows:

R. Scott Campbell
SHIVER HAMILTON CAMPBELL, LLC
3490 Piedmont Road, Suite 640
Atlanta, Georgia 30305
scott@shiverhamilton.com
*Attorney for Plaintiffs*

Mitchell E. McGough
MITCHELL E. MCGOUGH LAW, LLC
945 East Paces Ferry Road, Suite 2250
Atlanta, Georgia 30326
mitchell@mitchellmcgoughlaw.com
*Attorney for Plaintiffs*

This 27th day of April, 2022.

                                              */s/ Michael P. Manfredi*
                                              Michael P. Manfredi
                                              Georgia Bar No. 784682
                                              Margaret E. Twomey
                                              Georgia Bar No. 768751
                                              *Attorneys for Defendant*

266350460v.1